UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY D. MORRIS,

    Plaintiff,

v.       Case No. 14-CV-1412

CITY OF RACINE, MINDY KELAND,
and MARK F. NIELSEN,

    Defendants.

**SCREENING ORDER DENYING APPOINTMENT OF COUNSEL,
DISMISSING TWO DEFENDANTS AND ONE CAUSE OF ACTION,
AND ALLOWING THE PLAINTIFF TO PROCEED ON ONE CAUSE
OF ACTION AGAINST ONE DEFENDANT**

The plaintiff, Anthony D. Morris ("Morris"), who is confined at the Racine County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983. This matter comes before the court on Mr. Morris' petition to proceed *in forma pauperis*. Mr. Morris has been assessed, and has paid, an initial partial filing fee of $7.33.

The court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint, in whole or in part, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions," however, or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain a sufficient factual basis which, accepted as true, "is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.

at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly*, first by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was caused by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fund du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Mr. Morris sets forth two potential claims. First, he alleges that on February 6, 2014, defendant Officer Keland stopped his vehicle without probable cause or reasonable suspicion, in violation of the Fourth Amendment. According to Mr. Morris, the officer stopped him for speeding and failure to slow down in a school zone; Mr. Morris argues that he was not speeding, and

3

that because no children were present, the school zone speed limit did not apply.

Second, Mr. Morris alleges that his March 25, 2014 trial on those traffic charges before defendant Judge Mark F. Nielsen in Racine Municipal Court was unfair. He asserts that Judge Nielsen found him guilty based on Officer Keland's testimony, which, Mr. Morris argues, included facts that he had not previously been made aware of. Mr. Morris alleges that Judge Nielsen was biased because he allowed Officer Keland to testify about certain facts, and that this caused prejudicial error. He further argues that Judge Nielsen convicted him without evidence of guilt. Mr. Morris seeks *certiorari* review of his March 25, 2014 trial. He asks this court to remand the case to Racine Municipal Court, and he seeks damages for Officer Keland and Judge Nielsen's allegedly illegal actions.

The court finds that Mr. Morris may proceed on his Fourth Amendment claim against Officer Keland. However, Mr. Morris may not proceed on the claim regarding his allegedly unfair and unconstitutional trial, because that claim implies that his conviction was not valid. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A prisoner who seeks damages in a §1983 claim first must bring a *habeas corpus* claim if his suit calls into question the lawfulness of his conviction and confinement. *Id.* at 480. A claim is not cognizable under §1983 if it involves the validity of the prisoner's conviction. *Id.* at 481. If "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the [§1983] complaint must be dismissed unless the

plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487; *see also Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014).

In addition, Mr. Morris names the City of Racine as a defendant. He does not claim, however, that any allegedly unconstitutional acts were caused by an official policy, practice, or custom – a necessary element of a §1983 suit against a government entity. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 690 (1978)); *see also Los Angeles Cnty., Cal. V. Humphries*, 562 U.S. 29, 131 S. Ct. 447, 449 (2010). Therefore, the court will dismiss the City of Racine as a defendant.

In sum, Mr. Morris may proceed on his Fourth Amendment claim against Officer Keland. The court will dismiss the remaining claims and defendants.

**Motions to Appoint Counsel**

Mr. Morris has filed two motions asking the court to appoint counsel (ECF Nos. 4, 9). He asserts that he is indigent and lacks knowledge of the law. The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, however, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff has made a reasonable,

but unsuccessful, attempt to secure counsel, the court then must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only on the plaintiff's ability to try his case, but also on other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

Mr. Morris has not satisfied the threshold requirement of trying to find an attorney on his own. Even if he had, his filings reveal that he is competent to proceed on his own at this stage. Mr. Morris is proceeding on a single claim against one defendant. He appears competent to engage in discovery, as well as to prepare and/or respond to a dispositive motion.[1] Accordingly, the court will deny Mr. Morris' request for appointment of counsel.

## ORDER

The court hereby **ORDERS** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

The court further **ORDERS** that the plaintiff's motion to appoint counsel (ECF No. 4) is **DENIED**.

The court further **ORDERS** that the plaintiff's motion to appoint counsel (ECF No. 9) is **DENIED**.

---

[1] Morris will be mailed a *pro se* guide, Answers to Prisoner Litigants' Common Questions, along with this Screening Order.

The court further **DISMISSES** defendants City of Racine and Mark F. Nielsen from this action.

The court also **ORDERS** that the Clerk's Office mail the plaintiff a *pro se* guide, Answers to Prisoner Litigants' Common Questions.

The court further **ORDERS** that the United States Marshal shall serve a copy of the complaint and this order upon the defendant, pursuant to Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge a fee for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee scheduled is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

The court also **ORDERS** that the defendant shall file a responsive pleading to the complaint.

The court also **ORDERS** that the Racine County Sheriff or his designee collect from the plaintiff's prison trust account the $342.67 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the accounts exceeds $10 in accordance with 28 U.S.C.

§1915(b)(2). The Sheriff shall clearly identify such payments by the case name and number assigned to this action.

The court further **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, WI 53202

**PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.** It will only delay the processing of the case.

Because the clerk will electronically scan and enter on the docket each filing upon receipt, the plaintiff does not need to mail copies to the defendants. The defendant will be served electronically through the court's electronic case filing system. The plaintiff also should retain a personal copy of each document filed with the court.

The court further advises the plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will send a copy of this order to the Racine County Sheriff.

Dated at Milwaukee, Wisconsin this 28th day of January, 2015.

BY THIS COURT:

_____
HON. PAMELA PEPPER
United States District Court