# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ANTHONY D. MORRIS**,

        Plaintiff,

  v.

**Case No. 14-cv-1412-pp**

**MINDY KELAND,**

        Defendant.

---

# DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 23) AND DISMISSING CASE

---

*Pro se* plaintiff Anthony D. Morris currently is incarcerated at the Racine County Jail, although the events alleged in his complaint occurred on February 16, 2014, during a traffic stop. On January 28, 2015, the court entered an order allowing the plaintiff to proceed on his Fourth Amendment claim that the defendant stopped his vehicle without probable cause or reasonable suspicion. Dkt. No. 10. On August 10, 2015, the defendant filed a motion for summary judgment (Dkt. No. 23), which was fully briefed as of October 30, 2015 (Dkt. Nos. 36, 39). For the reasons stated below, the court grants the defendant's motion, and dismisses the complaint.

1

**I.    FACTS**[1]

On February 6, 2014, when defendant Officer Mindy Keland was on duty, she noticed a vehicle operated by the plaintiff speeding in the 1400 block of Martin Luther King Drive in Racine, Wisconsin. Dkt. No. 34 at ¶1. The posted speed limit was 30 m.p.h., and she states that she estimated the vehicle to be traveling at about 45 m.p.h. Id. at ¶2.

After she pulled over the plaintiff's vehicle, she learned that the plaintiff was operating the vehicle without a valid driver's license, and that he was the subject of an open/active arrest warrant. Id. at ¶¶5, 6. According to the defendant, she issued the plaintiff two traffic citations (unreasonable and imprudent speed, and operating without a valid driver's license) and arrested the plaintiff on the open/active warrant. Id. at ¶¶7, 8.

Although the plaintiff contested both traffic citations in the Racine Municipal Court, the judge found him guilty of both violations following a bench trial. Id. at ¶9.

The plaintiff denies that he was speeding when the defendant pulled him over. Dkt. No. 41 at ¶1. In addition, the plaintiff states that the defendant informed him that she pulled him over for speeding in a school zone, and that

---

[1] The court takes the facts from "Defendant Officer Keland's Reply to Plaintiff's Response to Defendant's Proposed Findings of Fact in Support of Motion for Summary Judgment," (Dkt. No. 34) and from "Plaintiff's Responses to Defendant's Proposed Findings of Fact in Opposition to Her Motion for Summary Judgment" (Doc. No. 41). The court takes additional facts from the plaintiff's sworn complaint, which the Seventh Circuit has instructed district courts to construe as an affidavit at the summary judgment stage. Ford v. Wilson, 90 F.3d 245, 246-47 (7th Cir. 1996). The facts are undisputed unless otherwise noted.

she had issued the "unreasonable and imprudent speed" citation on that basis. Id. at ¶¶3, 7. The plaintiff argues that the school zone speed limit was not operative because there were no children present at the time the defendant pulled him over. Dkt. No. 1 at 6. While the plaintiff agrees that he was found guilty of driving at an unreasonable and imprudent speed, he asserts that it was not because he was speeding. Id. at ¶9. According to the plaintiff, the judge said he did not believe that the plaintiff was speeding, but because of the then-existing conditions, he believed the plaintiff should have been going slower than the speed limit. Id.

## II. DISCUSSION

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be disputed or is genuinely disputed must support the assertion by:

3

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

    B.    <u>The Fourth Amendment and Probable Cause for Vehicle Stops</u>

"The Supreme Court has held that the decision to stop an automobile is reasonable when the police have probable cause to believe a traffic violation has occurred." <u>U.S. v. Muriel</u>, 418 F.3d 720, 724 (7th Cir. 2005) (citing <u>Whren v. U.S.</u>, 517 U.S. 806, 810 (1996)). The inquiry focuses only on whether probable cause existed, not on whether a violation actually occurred. <u>U.S. v. Reaves</u>, 796 F.3d 738, 741 (7th Cir. 2015). In addition, an officer's assessment that a violation occurred needs only to be reasonable; it does not need to "perfectly accurate." <u>Jones v. City of Elkhart, Ind.</u>, 737 F.3d 1107, 1114 (7th Cir. 2013) (citing <u>U.S. v. Cashman</u>, 216 F.3d 582, 586-87 (7th Cir. 2000)).

The defendant attests in her sworn affidavit that she believed the plaintiff was travelling at 45 m.p.h., which was above the posted speed limit of 30 m.p.h. Dkt. No. 26 at 1, ¶5. The plaintiff argues that the defendant had no basis to believe that he was speeding; he asserts that she made a visual

4

estimate that was not confirmed by radar, and that she admits that road conditions prevented her from "pacing" the vehicle. Dkt. No. 39 at 6. He argues, therefore, that the defendant did not have probable cause to pull him over.

The determination of whether probable cause existed "typically falls within the province of the [factfinder]." <u>Lanigan v. Vill. of E. Hazel Crest, Ill.</u>, 110 F.3d 467, 473 (7th Cir. 1997). The plaintiff already has had a full opportunity in state court to litigate the probable cause question to a factfinder—the municipal court judge. The parties agree that the plaintiff contested the traffic citations in the Racine Municipal Court and, after a bench trial, the judge found him guilty of driving at an unreasonable and imprudent speed—the very reason the defendant states she stopped the plaintiff. <u>See</u> Dkt. No. 34 ¶8, 9.

This court is not a court of appeals for the Racine Municipal Court. If a litigant in a municipal court in Wisconsin disagrees with the municipal court's decision on something, Wis. Stat. §800.14 provides that the person may appeal to the circuit court for the county where the offense occurred. The person has to appeal within twenty days after the judge issues the decision.

As long ago as 1980, the United States Supreme Court held that the doctrine of "collateral estoppel applies when §1983 plaintiffs attempt to relitigate in federal court issues decided against them in state criminal proceedings." <u>Allen v. McCurry</u>, 449 U.S. 90, 102 (1980). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a

5

different cause of action involving a party to the first case." Id. at 94. The district court for this district has applied the collateral estoppel doctrine to a plaintiff who tried to relitigate traffic verdicts in federal district court. Young v. Kunde, 698 F.Supp. 163, 167-68 (E.D. Wis. 1988) (holding that a plaintiff's conviction by the Winnebago County Circuit Court on traffic citations foreclosed claims in federal court that he was stopped without probable cause).

In this case, the plaintiff was a party in the Racine Municipal Court case. The judge in that case found that there was probable cause to stop the plaintiff; indeed, the judge found that the plaintiff was driving at an imprudent and unreasonable speed. The doctrine of collateral estoppel prohibits him from relitigating that finding in federal court, and thus—regardless of whether the plaintiff and the defendant have any genuine issues of material fact in dispute, the defendant is entitled to judgment as a matter of law.

The court also notes that the plaintiff makes much of the fact that the defendant told him that she had pulled him over for speeding in a school zone, and argues that the school zone speed limit of 15 m.p.h. wasn't operative at the time the defendant stopped him. Even if the defendant were not entitled to judgment as a matter of law, this does not constitute a dispute over a "genuine issue of material fact." The defendant attests in her sworn affidavit that she estimated the plaintiff was driving at 45 m.p.h. (Dkt. No. 26 at 1, ¶5); that is higher than the school zone speed limit of 15 m.p.h. *and* the posted speed limit of 30 m.p.h. Whether the defendant pulled the plaintiff over for driving too fast for the school zone, or pulled him over for driving faster than the posted speed

6

limit, is irrelevant; the defendant's sworn affidavit attests that the plaintiff was going faster than *both* of those limits, and the Racine Municipal Court judge agreed.

Because the plaintiff has not identified a dispute as to any genuine issues of material fact, and because the defendant is entitled to judgment as a matter of law, the court will grant the defendant's motion for summary judgment, and will dismiss this case.

### III. CONCLUSION

The court **ORDERS** that the defendant's motion for summary judgment (Dkt. No. 23) is **GRANTED**. The court further **ORDERS** that this case is **DISMISSED**. The court **ORDERS** the clerk of court to enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry

7

of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of February, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge